```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF MISSOURI
                      NORTHERN DIVISION


CLETA REYNOLDS,                  )
                                 )
            Plaintiff,           )
                                 )
      v.                         )    No. 2:05CV00026 ERW
                                 )
LARRY CRAWFORD, et al.,          )
                                 )
            Defendants.          )
```

<u>ORDER AND MEMORANDUM</u>

This matter is before the Court upon the application of Cleta Reynolds (registration no. 88282), an inmate at the Women's Eastern Reception and Diagnostic Center (WERDC), for leave to commence this action without payment of the required filing fee [Doc. #1].

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1) a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court will assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period. <u>See</u> 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner will be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. <u>See</u> 28 U.S.C. § 1915(b)(2). The agency having custody of the

prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  Id.

Applicant has submitted an affidavit and a certified copy of her prison account statement for the six month period immediately preceding the submission of her complaint.  See 28 U.S.C. § 1915(a)(1),(2).  A review of applicant's account statement indicates an average monthly deposit of $75.17 an average monthly account balance of $25.46 applicant has insufficient funds to pay the entire filing fee.  Accordingly, the Court will assess an initial partial filing fee of $15.03, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  An action is frivolous if "it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff seeks damages and injunctive relief pursuant to 42 U.S.C. § 1983 for alleged violations of her constitutional rights. Named as defendants are Larry Crawford, Denis H. Agniel, George Lombardi, Randee M. Kaiser, Jon Warren, Karen Jacobi, Margie Bontz, and Dr. Kulkanthorn. Briefly, plaintiff alleges that she suffers from an irreversible heart condition, dialated cardomyopathy, and is in need of a heart transplant. Plaintiff contends (1) that she is being denied release on medical parole and (2) being denied adequate medical care for her condition - including, but not limited to, the failure of the defendants to place her on a heart transplant list.

**Discussion**

Plaintiff's claims against defendants Crawford, Jacobi, Warren, Agniel, Kulkanthorn, Kaiser, and Lombardi regarding the denial of adequate medical care survive review under § 1915(e)(2)(B) and should not be dismissed as this time. See 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(g)(2). Therefore, the Court will order that defendants Crawford, Jacobi, Warren, Agniel,

3

Kulkanthorn, Kaiser, and Lombardi reply to these claims.

Plaintiff's claim concerning the denial of medical parole, however, should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). There is no inherent constitutional right to be released on parole. <u>Greenholtz v. Inmates of Nebraska Penal and Correctional Complex</u>, 442 U.S. 1, 7 (1979). A state, however, may create a liberty interest in parole. <u>See</u> <u>Board of Pardons v. Allen</u>, 482 U.S. 369 (1987). The current Missouri parole statute concerning medical parole gives the Missouri Board of Probation and Parole almost unlimited discretion to make medical parole determinations, <u>see</u> Mo. Rev. Stat. §§ 217.2509, and, therefore, does not create a liberty interest protected by due process. <u>See e.g.</u> <u>Greenholtz</u>, 442 U.S. at 7-8.

Plaintiff's claim against defendant Bontz should be dismissed because plaintiff has not alleged how this defendant is personally and directly involved with the alleged deprivation of her constitutional rights. <u>See</u> <u>Madewell v. Roberts</u>, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights); <u>see</u> <u>also</u> <u>Martin v. Sargent</u>, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); <u>Glick v. Sargent</u>, 696 F.2d 413, 414-15 (8th Cir. 1983) (respondeat superior theory inapplicable in § 1983 suits).

In accordance with the foregoing,

4

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #1] is **GRANTED.**

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $15.03 within thirty (30) days from the date of this order. Plaintiff is instructed to make her remittance payable to "Clerk, United States District Court," and to include upon it: (1) her name; (2) her prisoner registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days, without good cause shown, the Court will dismiss this action without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendant Bontz because the claims against this defendant are legally frivolous or fail to state a claim upon which relief may be granted or both. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants . Crawford, Jacobi, Warren, Agniel, Kulkanthorn, Kaiser, and Lombardi.

**IT IS FURTHER ORDERED** that pursuant to 42 U.S.C. § 1997e(g)(2), defendants Crawford, Jacobi, Warren, Agniel, Kulkanthorn, Kaiser, and Lombardi shall reply to the complaint within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, pursuant to this Court's differentiated case management system, this case is assigned to Track 5B (standard prisoner actions).

An appropriate order shall accompany this order and memorandum.

So Ordered this 23rd Day of August, 2005.

_____
**E. RICHARD WEBBER**
**UNITED STATES DISTRICT JUDGE**