UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| CLETA REYNOLDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:05CV00026 ERW |
| ) | |
| LARRY CRAWFORD et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court upon Defendants Karen Jacobi's and Dr. Kulkanthorn's Motion to Dismiss [doc. #21], Defendants George Lombardi's, Randee Kaiser's, Larry Crawford's, and Jon Warren's Motion to Dismiss [doc. #24], and Defendant Denis Angiel's Motion to Dismiss [doc. #33].

**I.   BACKGROUND FACTS[1]**

Plaintiff filed the instant suit on April 15, 2005. Plaintiff suffers from a chronic illness known as "dialated cardiomyopathy," which she states is "life threatening."[2] In her Complaint, she makes two claims. First, she alleges that she is being denied release on medical parole. Second, she alleges that she is being denied adequate medical care for her condition. This denial of adequate medical care

---

[1]The Court's recitation of facts is taken from the Complaint. When deciding a motion to dismiss under Rule 12(b)(6), the Court takes all material facts alleged in the Complaint as true. *Davis v. Monroe City Bd. of Educ.*, 526 U.S. 629, 633 (1999).

[2]Dilated Cardiomyopathy is a term describing a group of disorders where the heart muscle is weakened and cannot pump effectively. The net result is dilation of the cardiac chambers. The poor cardiac function results in congestive heart failure. Congestive heart failure is a weakening of the heart and is characterized by shortness of breath, swelling, weakness, and fatigue.

1

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

includes a failure by Defendants to place her on a heart transplant list and a failure to permit her to be evaluated by certain specialists for her serious medical condition.

On August 23, 2005, this Court reviewed Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), which permits the Court to dismiss a complaint filed *in forma pauperis* at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.[3] At that time, the Court found that the claims against Defendants Crawford, Jacobi, Warren, Angiel, Kulkanthorn, Kaiser, and Lombardi regarding the denial of adequate medical care survived review under § 1915(e)(2)(B). However, the Court found that Plaintiff's claim concerning the denial of medical parole should be dismissed because Plaintiff has no protectable liberty interest in medical parole determinations. *See* August 23, 2005 Order at 4.[4] Now, Defendants have filed motions to dismiss, arguing that Plaintiff's medical care claim should be dismissed due to her failure to exhaust her administrative remedies.

## II. MOTION TO DISMISS STANDARD

The standards governing motions to dismiss are well-settled. A complaint shall not be

---

[3]The relevant portion of the statute states as follows:
(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
    (A) the allegation of poverty is untrue; or
    (B) the action or appeal –
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.
28 U.S.C. § 1915 (e)(2).

[4]Plaintiff's claim against Defendant Bontz was also dismissed at that time because Plaintiff had not alleged how that defendant was personally and directly involved with the alleged deprivation of her constitutional rights.

2

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

dismissed for its failure to state a claim upon which relief can be granted unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of a claim entitling him or her to relief. *Breedlove v. Earthgrains Banking,* 140 F.3d 797, 799 (8th Cir. 1998)(citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). When deciding a motion to dismiss under Rule 12(b)(6), the Court must assume that all material facts alleged in the complaint are true. *Davis v. Monroe City Bd. of Educ.*, 526 U.S. 629, 633 (1999). The court must view all facts and inferences in the light most favorable to the non-moving party and "may dismiss the complaint only if it is clear that no relief can be granted under any set of facts that could be proved consistent with the complaint." *McMorrow v. Little*, 109 F.3d 432, 434 (8th Cir. 1997); *Stone Motor Co. v. Gen. Motors Corp.*, 293 F.3d 456, 464 (8th Cir. 2002). Thus, as a practical matter, a dismissal under Rule 12(b)(6) should be granted "only in the unusual case in which a plaintiff includes allegations that show, on the face of the complaint, that there is some insuperable bar to relief." *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 317 (8th Cir. 2004). The issue on a motion to dismiss is not whether the plaintiff ultimately will prevail, but whether the plaintiff is entitled to present evidence in support of his or her claim. *Schuer v. Rhodes*, 416 U.S. 232, 236 (1976).

### III. DISCUSSION

Pursuant to the Prison Litigation Reform Act of 1995, Pub. L. No. 104-34, "'[n]o action shall be brought with respect to prison conditions under [federal law] by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.'" *Johnson v. Jones*, 340 F.3d 624, 626 (8th Cir. 2003) (quoting 42 U.S.C. § 1997e(a)). This ensures that corrections officials are afforded the "time and opportunity to address complaints internally before allowing the initiation of a federal case." *Id.* at 626-27. Though it was once within

3

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

the district court's discretion, "exhaustion in cases covered by § 1997e(a) is now mandatory." *Id.* at 627. All available remedies must be exhausted, and exhaustion is a prerequisite to suit. *Id.* "Under the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court." *Id.* The court must look to the time the complaint was filed to determine whether exhaustion has occurred, and, "[i]f exhaustion was not completed at the time of filing, dismissal is mandatory." *Id.* Because exhaustion prior to the commencement of suit is an indispensable requirement, outright dismissal, rather than issuing continuances so that exhaustion may occur, is required. *Id.* at 628. *See also Porter v. Nussle*, 534 U.S. 516, 524 (2002) (explaining exhaustion requirement); *Booth v. Churner*, 532 U.S. 731, 738-40 (2001) (same); *Walker v. Maschner*, 270 F.3d 573, 577 (8th Cir. 2001) (same).

Plaintiff has submitted copies of the following: (1) an Informal Resolution Request, bearing a date of February 3, 2005; (2) a letter in response to the Informal Resolution Request, bearing a date of March 4, 2005; (3) a Grievance, bearing a date of April 6, 2005; (4) a letter in response to the Grievance, bearing a date of August 18, 2005; (5) a Grievance Appeal, which appears to bear a date of August 23, 2005;[5] and (6) a letter in response to the Grievance Appeal, bearing a date of October 18, 2005. Plaintiff filed the instant suit on April 15, 2005. By Plaintiff's own admission, she filed suit prior to the completion of the administrative remedy process. Plaintiff had not exhausted her administrative remedies at the time she filed the instant suit. Thus, her claim must be dismissed at this time for failure to exhaust her administrative remedies.[6]

---

[5]The precise date is unclear. In any event, it is clear that the document bears a date of August 2005.

[6]From Plaintiff's exhibits, it appears that she now has exhausted her administrative remedies. Thus, if Plaintiff is unsatisfied with the result of the administrative resolution of her

4

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Therefore, the Court will dismiss Plaintiff's claim that she is being denied adequate medical care. As the Court determined in its August 23, 2005 Order, Plaintiff's claim that she is being denied release on medical parole must be dismissed for failure to state a claim upon which relief can be granted, pursuant to this Court's review under § 1915(e)(2)(B). Thus, Plaintiff's entire Complaint will be dismissed at this time.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Karen Jacobi's and Dr. Kulkanthorn's Motion to Dismiss [doc. #21], Defendants George Lombardi's, Randee Kaiser's, Larry Crawford's, and Jon Warren's Motion to Dismiss [doc. #24], and Defendant Denis Angiel's Motion to Dismiss [doc. #33] are **GRANTED**. Plaintiff's claim that she is being denied adequate medical care is **DISMISSED, without prejudice**. Plaintiff's claim that she is being denied medical parole is **DISMISSED, with prejudice**.

An appropriate Order of Judgment shall accompany this Order.

Dated this 20th day of January, 2006.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

---

complaints, she may now re-file her claim in federal court.
   The Court is cognizant of Plaintiff's request that this Court refrain from dismissing this case now that Plaintiff has assured the Court that the administrative process is now complete. This the Court cannot do. *See Johnson*, 340 F.3d at 627.

5

PDF created with FinePrint pdfFactory trial version www.pdffactory.com